842 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl A. BRIGHTMAN, Plaintiff-Appellant,
v.
UNITED STATES of America (IRS), Defendant-Appellee.
 No. 87-3082.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1988.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 The issue in this case is whether a joint notice of deficiency issued by the Internal Revenue Service was sent to the taxpayer's "last known address" as required by Sec. 6212 of the Internal Revenue Code of 1954, 26 U.S.C. Sec. 6212. The District Court granted summary judgment to the IRS on this issue. We affirm, holding that the taxpayer did not give sufficient notice to the relevant IRS officials that his address had changed.
 
 
 2
 From 1956 until February 1981, the plaintiff and his wife resided at 1823 Grasmere Avenue in East Cleveland ("the Grasmere Ave. address"). During the late 1970's, the IRS began investigating certain tax shelters on the joint returns of the taxpayer and his wife for the years 1971-76. The only tax year at issue in this case is 1971. The taxpayer and his accountant under a power of attorney executed a series of consent form agreements extending the time in which the IRS could issue a deficiency notice for the 1971 tax year until December 31, 1982. In October 1982, the taxpayer declined to consent to a further extension of the statute of limitations.
 
 
 3
 In 1981, the plaintiff and his wife separated, and he moved to an apartment in Lakewood ("the Lakewood address") while she continued to reside at the Grasmere Ave. address. No one in the Cleveland District Director's office, which was responsible for the investigation of the Brightmans' returns, was notified that the taxpayer and his wife had established separate addresses. However, during 1982, several documents, including a joint tax return for 1981, were sent to the IRS Cincinnati Service Center. These documents showed the plaintiff's address as the Lakewood address.
 
 
 4
 In December 1982, after the plaintiff had refused to allow the statute of limitations to be extended, the Cleveland District Director's office issued a joint notice of deficiency to the plaintiff and his wife, sending a courtesy copy to the plaintiff's accountant. The joint notice was sent to the Grasmere Ave. address. Plaintiff did not challenge the notice in Tax Court. When the IRS withheld from plaintiff's 1982 refund the amount due on the 1971 deficiency, plaintiff brought this suit for refund in the District Court.
 
 
 5
 The Treasury Regulation governing notice of deficiency provides:
 
 
 6
 If a joint income tax return has been filed by husband and wife, the district director (or assistant regional commissioner, appellate) may, unless the district director for the district in which such joint return was filed has been notified by either spouse that a separate residence has been established, send either a joint or separate notice of deficiency to the taxpayers at their last known address. If, however, the proper district director has been so notified, a separate notice of deficiency, that is, a duplicate original of the joint notice, must be sent by ... either registered or certified mail ... to each spouse at his or her last known address. The notice of separate residences should be addressed to the district director for the district in which the joint return was filed.
 
 
 7
 26 C.F.R. Sec. 301.6212-1(b)(2).
 
 
 8
 Plaintiff argues that the IRS was on notice that his address had changed. However, as the Regulation indicates, notice to the Cincinnati Service Center does not provide the requisite notice, nor is it tantamount to or the equivalent of notice to the Cleveland District Director. Thus, the taxpayer's failure to give notice to the District Director that he and his wife had established separate residences means that he is bound by this Treasury Regulation which was not shown to be invalid. Because the IRS was thus only required to send a joint notice of deficiency, and because nothing in the record indicates that Mrs. Brightman did not receive the notice mailed to the Grasmere Ave. address, the judgment of the District Court is AFFIRMED.